FILED

JUN 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10285 |
| Plaintiff - Appellee, | D.C. No. 1:09-CR-00179-LEK-1 |
| v. | |
| WELTON KALANI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 11, 2013[**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Welton Kalani appeals his conviction for conspiracy, the district court's

calculation of sentencing loss, and the district court's restitution award. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sufficient evidence at trial supported Kalani's conviction of a single conspiracy. *See United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999). Based on this evidence, a rational trier of fact could have found an overall agreement existed between Kalani and his co-conspirators to sell properties to straw buyers to divert equity from the homeowners. *See id.* at 1079–80. The method of preparing the loan applications and falsely verifying the loan applicants' overstated incomes remained consistent throughout the three transactions and involved the same key players. *See United States v. Fernandez*, 388 F.3d 1199, 1227 (9th Cir. 2004). Moreover, the co-conspirators "knew, or had reason to know . . . that [their] benefits were probably dependent upon the success of the entire operation," *United States v. Kearney*, 560 F.2d 1358, 1362 (9th Cir. 1977), since each part of the loan application process had to be completed successfully for the mortgage to be approved. Even if a variance existed between the conspiracy charged and proved, Kalani fails to demonstrate how this resulted in substantial prejudice requiring reversal. *See Kotteakos v. United States*, 328 U.S. 750, 752 (1946).

The district court properly calculated sentencing loss based on the amount of the outstanding loan balances less the actual sales proceeds. *See United States v. Yeung*, 672 F.3d 594, 604 (9th Cir. 2012).

2

The district court also correctly calculated the restitution award as to the Waipono property based on the formula in *Yeung*. *See id.* at 601–02. The district court's designation of the victim as "PNC Financial Services, . . . , and or any other financial institution that had the legal right to the property in question," took into account the evidence Kalani submitted at sentencing suggesting that PNC sold the Waipono mortgage to HSBC, and was within the district court's flexibility in drafting its restitution award. *See id.* at 602. Because the district court explained its reasoning and based its award on "an adequate evidentiary basis," remand is not appropriate. *See id.* at 602, 604–05.

**AFFIRMED**.